**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:19-cv-62008-KMW**

COLLEEN DEVIVO, individually, and on behalf of all others similarly situated,
Plaintiff,

**CLASS ACTION**

vs.

THE KOLTER GROUP, LLC, a Florida Limited Liability Company,
Defendant.

---

**DEFENDANT THE KOLTER GROUP LLC'S**
**MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

Defendant, The Kolter Group LLC ("Kolter"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(1), hereby moves to dismiss the Amended Class Action Complaint ("Complaint") (D.E. 9) filed by Plaintiff Colleen Devivo ("Plaintiff").

## I. INTRODUCTION

This is a putative class action in which the Plaintiff complains about receiving an unsolicited text message in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA"). Although the Plaintiff alleges that receipt of the text message caused her to "waste at least 30 seconds of her time" and suffer "actual harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion," a recent decision by the Eleventh Circuit Court of Appeals makes clear that these allegations are insufficient to establish Article III standing. *Salcedo v. Hanna*, No. 17-14077, --- F.3d ---, 2019 WL 4050424, at *7 (11th Cir. Aug. 28, 2019) (holding that the receipt of an unsolicited text message allegedly sent in violation of the TCPA, without more, does not establish the standing required for a plaintiff to bring a case in federal court). Therefore, the Complaint should be dismissed with prejudice.

## II. FACTUAL BACKGROUND

On September 11, 2019, the Plaintiff filed this putative class action Complaint alleging that Kolter violated the TCPA by transmitting unsolicited text messages to Plaintiff's cellular telephone. While the Plaintiff attempts to characterize this transmission as two separate text messages, the message copied in the Complaint makes clear that this was a single message with an embedded link and image sent on Friday, June 21, 2019 at 10:04 a.m. (the "Subject Text Message"):




Am. Compl. at ¶ 23.

Thereafter, the Plaintiff pleads—in seemingly contradictory allegations—that she was both getting ready for work when she received the Subject Text Message and "forced to get up to retrieve her phone" when she heard the "audible sound" of the Subject Text Message. *Id.* at ¶¶

48-49. From there, rather than simply deleting the Subject Text Message, the Plaintiff apparently chose to retain it on her phone and to "waste[] approximately 30 seconds" reading it. *Id.* at ¶ 50.

Based on these allegations, the Plaintiff alleges that the Subject Text Message caused her "actual harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion" and "disruption to her daily life." *Id.* at ¶ 47. The Plaintiff does not, however, plead any monetary loss or other concrete tangible injury, or any facts suggesting that the Subject Text Message caused anything other than isolated, momentary, or ephemeral harm.

## III. <u>ARGUMENT</u>

### A. <u>Legal Standard</u>

Article III of the United States Constitution defines the role of the federal judiciary as resolving "Cases" and "Controversies." Art. III, § 2; *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Standing to sue is a "core component" of the Article III case or controversy requirement. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo*, 136 S. Ct. at 1547.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A party invoking federal jurisdiction bears the burden of establishing standing before a federal court may exercise jurisdiction over his claims. *Spokeo*, 136 S. Ct. at 1547. To establish standing, a plaintiff must demonstrate that she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* As to the first element, a plaintiff must establish an injury in fact that is "'concrete and particularized' and

'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). "[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Salcedo*, 2019 WL 4050424, at *3 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009)).

### B. <u>The Complaint Must Be Dismissed Because Plaintiff's Allegations of Harm are Insufficient to Establish Article III Standing</u>

The Complaint should be dismissed with prejudice pursuant to Rule 12(b)(1) because Plaintiff's receipt of the Subject Text Message does not constitute the requisite concrete injury in fact to establish Article III standing. It is well established that a plaintiff does not satisfy the injury-in-fact requirement just because "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1549 (2016). This is because a statutory violation "may result in no harm." *Id.* at 1550.

Citing to this injury-in-fact standing requirement, the Eleventh Circuit, in *Salcedo v. Hanna*, recently decided that the receipt of a text message, without more in the way of qualitative allegations of a concrete injury in fact, does not create the requisite Article III standing for a plaintiff to bring a TCPA case in federal court. *See Salcedo,* 2019 WL 4050424, at *1. In *Salcedo*, a former client of the law firm of Alex Hanna, John Salcedo, filed a putative class action lawsuit in the Southern District of Florida claiming that Hanna and his firm violated the TCPA by sending an unsolicited text message to Salcedo and others offering a discount on future legal services. *Salcedo*, 2019 WL 4050424, at *1.

Just like the Plaintiff here, Mr. Salcedo alleged that the text message he received caused him "to waste his time answering or otherwise addressing the message," which, in turn, made him and his cellular phone "unavailable for otherwise legitimate pursuits" and "resulted in an invasion

of [his] privacy and right to enjoy the full utility of his cellular device." *See id.* at *3. Mr. Salcedo alleged further—again just like the Plaintiff here—that the unwanted text message could have "slow[ed his] cell performance by taking up space on [his] phone's memory." *See* Amended Complaint at ¶ 17, *Salcedo v. Hanna,* No. 16-CV-62480-DPG (S.D. Fla. Dec. 27, 2016), ECF No. 11. But Mr. Salcedo made these allegations, just as the Plaintiff did in this case, without pleading a concrete injury, like an actual financial cost or a plausible inability to access or use his cellular device. *Id.*

The Eleventh Circuit explained that these allegations of *de minimis* and intangible harm "are qualitatively different from those in our Circuit precedent that have been successful in establishing standing to sue over a single violation of the TCPA." *Salcedo*, 2019 WL 4050424, at *3. The *Salcedo* court, therefore, determined that existing Circuit precedent did not "dictate the outcome of [that] appeal," nor did "its sister circuit's [unpersuasive] decision involving this precise issue." *Id.* at *4 (*citing Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037 (9th Cir. 2017)).

In the absence of "controlling authority," the Eleventh Circuit looked at Mr. Salcedo's allegations of harm "in light of the [TCPA] statute, [its] precedent, history, and the judgment of Congress" and found no support for treating Mr. Salcedo's alleged injury as a concrete injury in fact that confers Article III standing under the TCPA. *Salcedo*, 2019 WL 4050424, at *8. In so finding, the court considered the qualitative nature of Mr. Salcedo's alleged injury and held that "it is not the kind of harm that constitutes an injury in fact." *Id.* at *7.

According to the Eleventh Circuit, the "isolated, momentary, and ephemeral" harm allegedly caused by Mr. Salcedo's receipt of the unsolicited text message does not constitute a concrete injury sufficient to confer Article III standing. *Id.*

> The chirp, buzz, or blink of a cellphone receiving a single text message is more akin to walking down a busy sidewalk and having a flyer briefly waived in one's face.

> Annoying, perhaps, but not a basis for invoking the jurisdiction of the federal courts.

*Id*.

The Plaintiff's allegations of harm, here, are nearly identical to the allegations in *Salcedo*. Both the Plaintiff and Mr. Salcedo alleged that the text message they received (i) caused them "to waste" their time, (ii) rendered them and their respective cellular phones temporarily unavailable, (iii) momentarily invaded their privacy, and (iv) slowed the performance of their phones by taking up space in the phones' memory. And, both failed to plead a concrete injury.

While the Complaint may allege particularized harm in the form of thirty seconds of wasted time and a disruption of Plaintiff's morning routine, it does not allege a concrete injury in fact sufficient to create Article III standing. *Id.* at *8 (noting that precedent "strongly suggest[s] that concrete harm from wasted time requires, at the very least, more than a few seconds."). To be sure, the allegations in the Complaint do not establish that the receipt of the Subject Text Message would be "highly offensive to a reasonable person" or create a disruption that would be "'substantial and 'strongly object[ionable],'" nor do they come close to the type of "active[] intermeddling intrusion" or dispossession that would be actionable in tort. *See id.* at *6.

At bottom, the Plaintiff's allegations, like those in *Salcedo*, amount "to a brief, inconsequential annoyance . . . categorically distinct from those kinds of real but intangible harms" that satisfy Article III's injury in fact requirement. *See id.* at *7. Therefore, the Plaintiff's receipt of the Subject Text Messages does not, as a matter of binding Eleventh Circuit law, amount to a concrete injury in fact sufficient to establish Article III standing. *See id.* Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

## IV. CONCLUSION

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint with prejudice and grant such other relief as may be deemed just and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF COUNSEL

Pursuant to Rule 7.1(a)(3) of the Local Rules, undersigned counsel hereby certifies that he has conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised in this Motion. Plaintiff opposes the relief requested herein.

Dated: September 25, 2019

Respectfully submitted,

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
Two South Biscayne Boulevard, Suite 2550
One Biscayne Tower
Miami, FL 33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425

By: *<u>/s/ ADAM M. FOSLID</u>*
ADAM M. FOSLID, ESQ.
Florida Bar No. 682284
afoslid@sfslaw.com
IAN M. ROSS, ESQ.
Florida Bar No. 091214
iross@sfslaw.com
JACQUELINE Z. DEROVANESIAN
Florida Bar No. 125662
jderovanesian@sfslaw.com

*Counsel for Defendant The Kolter Group LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2019, the foregoing document was served by e-mail on all counsel of record listed below.

/s/ Adam M. Foslid
ADAM M. FOSLID

**SERVICE LIST**
***Devivo v. The Kolter Group, LLC***
**Case No. 0:19-cv-62008-KMW**
**United States District Court, Southern District of Florida**

**Andrew John Shamis**
**Garrett O. Berg**
Shamis & Gentile, P.A.
7241 SW 118 St
Pinecrest, FL 33156
305-298-2253
Email: ashamis@sflinjuryattorneys.com
Email: gberg@shamisgentile.com

**Scott Adam Edelsberg**
**Jordan David Utanski**
Edelsberg Law PA
20900 NE 30th Ave 417
Aventura, FL 33180
305-975-3320
Email: scott@edelsberglaw.com
Email: utanski@edelsberglaw.com

*Counsel for Plaintiff Colleen Devivo*